G. Thomas Martin, III, Esq. (SBN 218456)
Nicholas J. Bontrager, Esq. (SBN 252114)
**MARTIN & BONTRAGER, APC**
4605 Lankershim Blvd,. Suite 535
Toluca Lake, CA 91602
Telephone: 323.940.1700
Facsimile: 323.328.8095
tom@mblawapc.com
nick@mblawapc.com

Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ADAMS,<br><br>            Plaintiff,<br><br>    vs.<br><br><br>BANK OF AMERICA, NATIONAL ASSOCIATION,<br><br>            Defendant(s). | Case No.: 2:21-cv-5521<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **INTRODUCTION**

1.     MICHAEL ADAMS (Plaintiff), through his attorneys, brings this action to secure redress from BANK OF AMERICA, NATIONAL ASSOCIATION (Defendant) for violations of the Electronic Fund Transfer Act, 15 U.S.C. 1693 et seq. ("EFTA").

2.     Plaintiff brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendant in failing to perform a reasonably diligent investigation into Plaintiff's disputes concerning his personal banking account with Defendant as it pertained to

a failure of Defendant in crediting or refunding a certain sum of money into Plaintiff's account, as a result of Defendant experiencing a data breach allowing unknown third parties to clone Plaintiff's debit card related to his EDD account and steal his funds, despite said funds being withdrawn via fraudulent activity, by a person unknown to Plaintiff, and at a Bank of America financial center.  Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under 28 U.S.C. 1331, because this action is brought pursuant to the EFTA, 15 U.S.C. 1693 *et seq*.

4.     Jurisdiction of this Court arises pursuant to 15 U.S.C. 1693(m), which states that, "without regard to the amount in controversy, any action under this section may be brought in any United States district court."

5.     Venue and personal jurisdiction in this District are proper pursuant to 28 U.S.C. 1391(b) because Defendant, a corporation, maintains a business offices throughout California and does or transacts business within this District and Plaintiff resides within this district.

6.     Plaintiff is a natural person residing in Los Angeles County, State of California.

7.     Defendant is a corporation with its State of Incorporation being North Carolina.

## FACTUAL ALLEGATIONS

8.     Plaintiff has an EDD banking account which Defendant maintains supervision and control over per its contractual relationship with the State of California.  Over the course of this relationship, Plaintiff provided Defendant with various pieces of personal identifiable information related to Plaintiff, such as his personal finances.  Such information includes, but is not limited to, Plaintiff's

- 2 -

name, address, social security number, date of birth, income level, and banking information (amounts and accounts).

9.  Upon receipt of this information, Defendant stored or otherwise archived said information in some library, digital file, computer-based system or other technique, and thus at all times was entrusted with and maintained control of Plaintiff's highly sensitive information.

10.  At some point, 2020, a hacker was able to access Defendant's technical system – presumable via a misconfiguration of a firewall (presuming Defendant has a firewall in place).  As such, this hacker was able to gain access to banking account information for tens of thousands of EDD accounts which Defendant maintains, supervises and controls per its contract with the State of California.

11.  In November of 2020, Plaintiff checked his EDD bank account and discovered he had funds missing.

12.  Plaintiff reviewed his account activity and determined he had been a victim of fraud and made all reasonable attempts to notify Defendant of this fraudulent activity.

13.  After Plaintiff submitted his claim for fraud regarding the ATM withdrawal(s) at issue. Defendant canceled or froze Plaintiff's banking/debit card as a result of submitting his fraud claim.

14.  To Plaintiff's shock and dismay, some unknown individual had made ATM withdrawal(s), in in the amount of $2,303.00.  Plaintiff did not make these withdraws himself, did not authorize anyone to make the withdraw on his behalf, and was still in possession of his banking/debit card despite said withdraws taking place.  Plaintiff submitted a fraud claim to Defendant regarding the missing/stolen funds in June 2021.

---

COMPLAINT FOR DAMAGES

15.     Defendant did not provide a temporary credit/refund, so pursuant to EFTA, Defendant had ten (10) days to properly investigate and remedy the fraud claim.  Defendant did neither.

16.     After allegedly performing an investigation into Plaintiff's fraudulent activity, Defendant sent Plaintiff written correspondence denying Plaintiff's fraud claim.  Defendant's denial letter was dated June 4, 2021 after Defendant allegedly performed a "reasonable" investigation.

17.     The basis for Defendant's denial of Plaintiff's claim is scant at best but nonetheless refused to refund or credit Plaintiff the $2,303.00 sum.

18.     Despite Plaintiff's efforts, Defendant refused to perform any reasonable investigation regarding Plaintiff's dispute and instead flatly denied Plaintiff's claim.

19.     Defendant's alleged "investigation" into Plaintiff's dispute was clearly inadequate, not reasonable, not diligent, and failed to properly address Plaintiff's issues regarding the $2,303.00 fraudulent withdrawal.

20.     Further evidencing Defendant's woefully inadequate investigation is the fact that Defendant has access to data, film, and other resources given that the fraudulent transaction took place at one of Defendant's own financial centers (i.e., not a third party ATM at convenience store, for example).  Defendant could have reasonably, easily and swiftly confirmed the $2,303.00 transaction as fraudulent and refunded or credited the funds over to Plaintiff's bank account.

21.     Instead, Defendant failed to investigate properly, refused to credit or refund the transaction, while still nonetheless confirming that the withdrawal was subject to fraudulent activity.

- 4 -

## COUNT I:

## DEFENDANT VIOLATED THE ELECTRONIC FUNDS TRANSFER ACT

22.    15 U.S.C. §1693f(a)(3), provides that if a consumer notifies a financial institution of an "error" related to an electronic fund transfer within sixty (60) days of said error, "the financial institution shall investigate the alleged error, determine whether an error has occurred, and report or mail the results of such investigation and determination to the consumer within ten business days."

23.    Pursuant to 15 U.S.C. §1693f(f)(2), an "error" as described above includes an incorrect electronic fund transfer from or to the consumer's account.

24.    Pursuant to 15 U.S.C. §1693(e), a financial institution is not only liable under §1693m, but is subject to treble damages, should the Court find that: (1) the financial institution did not provisionally recredit a consumer's account within the ten-day period specified in subsection (c), and the financial institution (A) did not make a good faith investigation of the alleged error, or (B) did not have a reasonable basis for believing that the consumer's account was not in error; or (2) the financial institution knowingly and willfully concluded that the consumer's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to the financial institution at the time of its investigation.

25.    Based upon the foregoing, Defendant failed to make a good faith investigation into the error regarding Plaintiff's account, did not have a reasonable basis for believing that Plaintiff's account was not in error and/or knowingly and willfully concluded that Plaintiff's account was not in error when such a conclusion could not reasonable have been drawn from the evidence available to the financial institution at the time of its investigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MICHAEL ADAMS, respectfully requests judgment be entered against Defendant, BANK OF AMERICA, NATIONAL ASSOCIATION, for the following:

26.   Statutory damages of $1,000.00 per 15 U.S.C. §1693m;

27.   Actual damages per 15 U.S.C. § 1693m;

28.   Costs and reasonable attorneys' fees per 15 U.S.C. § 1693m;

29.   Treble Damages;

30.   Any other relief this Honorable Court deems appropriate.

## **TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

RESPECTFULLY SUBMITTED,

Dated: July 7, 2021          **MARTIN & BONTRAGER, APC**

By: /s/ Nicholas J. Bontrager

Nicholas J. Bontrager
*Attorney for Plaintiff*

- 6 -

COMPLAINT FOR DAMAGES